UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO UNIFIED SCHOOL DISTRICT,<br><br>    Plaintiff,<br><br>    v.<br><br>S.W., a minor, et al.,<br><br>    Defendants.<br>_____/ | No. C-10-05211-DMR<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY ENFORCEMENT OF ADMINISTRATIVE DECISION** |

    Plaintiff San Francisco Unified School District ("District") filed suit against Defendant S.W., a minor ("Student"), and D.W. and P.W., parents of S.W. (collectively, "Defendants") pursuant to the Individual with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(2)(A). Plaintiff seeks judicial review of an Administrative Decision (OAH Case No. 2010040755, "Administrative Decision" or "AD") rendered by Administrative Law Judge Darrell L. Lepkowsky ("ALJ") of the California Office of Administrative Hearings ("OAH"). The District objects to certain aspects of the Administrative Decision, including the ALJ's finding that the District failed to provide the Student with a free appropriate public education ("FAPE"), and the ALJ's order that the District bear the cost of the Student's private school tuition and other related expenses for the latter part of the 2009-2010 school year, as well as the entire 2010-2011 school year.

1  The parties are presently before the Court on the District's Motion to Stay the Administrative
2  Decision. The Court previously found that this matter is suitable for resolution without oral
3  argument. *See* Docket No. 23. Having read and considered the papers filed in connection with this
4  matter and being fully informed, the Court hereby **DENIES** the District's motion.

## I. FACTUAL & PROCEDURAL BACKGROUND

Student is a minor residing within the District. AD 4-5. She has attended private school since kindergarten. AD 5- 6. Her parents enrolled her in Star Academy for the 2008-2009 school year. However, due to concerns about difficulties Student was having at the school, as well as the burden of paying the $38,000 annual tuition, her parents contacted the District in July 2009 to enquire about an appropriate public school placement. AD 6-8. Student remained enrolled at Star Academy, attending a newly implemented life skills program, while the District and Defendants engaged in a series of Individualized Education Program ("IEP") meetings regarding an appropriate placement for Student. AD 8-18; AD 18-31. The IEP team determined that Student was eligible for special education and related services due to her cognitive impairment, as well as speech and language impairments. Compl. ¶ 16; AD 19.

On April 8, 2010, Student filed a due process hearing request with OAH alleging that the District had failed to offer or provide her with a FAPE. AD 1-2. The due process hearing was held on June 14-17, and July 7, 2010. AD 1. On September 3, 2010, the ALJ issued a fifty-one page Administrative Decision in which he found that the District had failed to provide Student with a FAPE, as required by the IDEA, from February 23, 2010 to the end of the 2009-2010 school year. AD 48-49. Accordingly the ALJ held that Defendants were entitled to reimbursement for Student's tuition, language session fees and transportation costs at Star Academy for a total of 15 weeks. AD 48-50. Additionally, the ALJ found that Student is entitled to placement at Star Academy for the 2010-2011 school year as compensatory education for the District's denial of a FAPE to her, and ordered the District to pay tuition, language session fees and transportation costs[1]. AD 49-50.

---

[1] The ALJ noted in the decision that "[s]ince the ALJ is ordering placement at Star for the 2010-2011 school year as compensatory education, the placement at Star shall not constitute stay-put for Student." AD 49.

On November 17, 2010, the District filed this lawsuit seeking reversal of the Administrative Decision. The District has now filed a Motion to Stay Enforcement of the Administrative Decision.[2]

## II. DISCUSSION

The District seeks a stay of enforcement of the Administrative Decision pursuant to Fed. R. Civ. P. 62, as well as the court's inherent powers. The party seeking a stay under Rule 62 must establish: (1) the likelihood of success on the merits; (2) the likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the favor of the moving party; and (4) that relief is in the public interest. *Humane Soc'y of the U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008)).[3]

In this case, the Court need not address the District's likelihood of success on the merits because the District cannot meet its burden of establishing a necessary prong of the four-part test -- namely, that it will likely suffer irreparable harm unless enforcement of the Administrative Decision is stayed. The Ninth Circuit repeatedly has held that typically, "monetary harm does not constitute irreparable harm." *Cal. Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 851 (9th Cir. 2009); *Ravenswood City Sch. Dist. v. J.S.*, 2010 WL 4807061, at *5 (N.D. Cal. Nov. 18, 2010).

Here, the only irreparable harm asserted by District is that, in the absence of a stay, it will be forced to pay for Student's tuition and related expenses at Star Academy, and that "seeking any recovery from Parents will likely be unsuccessful and may require additional legal action." Docket No. 4 at 9. This is a speculative statement, and falls short of establishing the *likelihood* of

---

[2] Student has not sought a "stay put" order to compel the District to comply with the Administrative Decision pursuant to 20 U.S.C. § 1415(j). Therefore, the Court does not analyze Plaintiff's motion under the "motion for stay put" standards.

[3] The District argues that in deciding whether to grant a stay under Rule 62, the Court should employ two interrelated legal tests, citing *Golden Gate Rest. Ass'n v. City & County of S.F.*, 512 F.3d 1112, 1119 (9th Cir. 2008). However, following the Supreme Court's decision in *Winter*, courts in the Ninth Circuit apply a four-part test in deciding whether or not to grant a stay. *Humane Soc'y of the U.S.*, 558 F.3d at 896; *Water Wheel Camp Recreational Area, Inc. v. LaRance*, 2009 WL 5175191, at *1 (D. Ariz. Dec. 18, 2009) (noting that *Golden Gate Rest. Ass'n* standard was rejected by the Supreme Court in *Winter*). The moving party must now show irreparable harm is *likely*, not just possible. *Winter*, 129 S. Ct. at 375; *Humane Soc'y of the U.S.*, 558 F.3d at 896.

*irreparable* harm. *See, e.g., Los Angeles Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) ("[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended . . . are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."); *see also Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) ("[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury"). The District essentially relies on the same argument in support of its claim that the "balance of hardships tips sharply in favor of the District because absent a stay, the District cannot be made whole even if they prevail in this appeal." Docket No. 4 at 9. For the same reasons, the District has not met its burden on this factor.

Finally, the Court finds that imposition of a stay does not necessarily serve the public interest in this case. As noted by the District, it is important that taxpayer funds being spent on educating students within the District are used appropriately. However, as recognized by Congress in passing the automatic "stay put" provision of the IDEA, "there is a heightened risk of irreparable harm inherent in the premature removal of a disabled child to a potentially inappropriate educational setting." *Joshua A. v. Rocklin Unified School Dist.,* 559 F.3d 1036, 1040 (9th Cir. 2009).

### III. CONCLUSION

For the reasons stated above, the District's motion to stay is DENIED.

IT IS SO ORDERED.

Dated: February 9, 2011



DONNA M. RYU
United States Magistrate Judge